UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY WILCOX, JR.,

    Plaintiff,

v.                                  CASE NO. 8:13-CV-2378-T-33MAP

CAROLYN COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI"). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to properly evaluate his complaints of symptoms from pseudoseizures and by relying on a response from the vocational expert to an incomplete hypothetical. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

*Background*

Plaintiff protectively filed applications for period of disability, DIB, and SSI on October 7, 2009, alleging disability beginning August 17, 2009. He was fifty years old at his alleged onset date, has a tenth grade education, and has work experience as a laborer, a shrimper, and a tree trimmer. Plaintiff alleged disability due to degenerative disc disease,

coronary artery disease, hypertension, and pseudoseizures.[1] The Social Security Administration denied Plaintiff's claim initially, and again upon reconsideration. After an administrative hearing on October 27, 2011, the ALJ found that he could not perform his past relevant work, but is capable of performing light work except that he is limited to sitting for two hours at a time and six hours total in an eight-hour day, can stand for one hour at a time and a total of four hours in an eight-hour day, and can walk for two hours at a time and four hours total in an eight-hour day (R. 23). Relying on the testimony of a vocational expert, the ALJ concluded the Plaintiff can perform the jobs in the national economy, including the jobs of small parts assembler, wrapping and packing/poly pack and heat sealer, or machine tending/ injection molding machine tending (R. 26-27). Plaintiff appealed, and the Appeals Council denied review.

*Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe

---

[1] Pseudoseizure is "an attack resembling an epileptic seizure but having purely psychological causes." *Dorland's Medical Dictionary* 1380 (28th ed.).

impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

 1. *Subjective complaints*

The Plaintiff argues that the ALJ erred in evaluating his subjective complaints

concerning pseudoseizures.[2] I find the ALJ properly considered the pseudoseizures (both alone and in combination with his other impairments) and the effects on Plaintiff's ability to perform work as required by the regulations. When a claimant attempts to establish a disability through their own testimony of pain or other subjective symptoms, they must show evidence of an underlying medical condition and must demonstrate either that objective medical evidence confirms the severity of the alleged symptom arising from that condition or that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged symptoms. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995). If the ALJ determines that the claimant has such a condition, as the ALJ has here with Plaintiff's pseudoseizures, the ALJ must evaluate the intensity and persistence of the alleged symptoms and determine how they limit the claimant's capacity for work. 20 C.F.R. § 416.929(c). During this evaluation, the ALJ must consider the claimant's testimony regarding his symptoms, including any inconsistencies between the testimony and the other evidence. And, if the ALJ decides not to credit the claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote, supra,* at 1561-62.

Here, the ALJ discussed the medical evidence from neurologist Anoop Reddy concerning Plaintiff's pseudosiezures. The ALJ noted that Reddy prescribed a long-term monitoring electrode encephalograph test which Plaintiff underwent from February 1-5,

---

[2] The Plaintiff agrees that the ALJ's decision accurately sets forth the documentary evidence and testimony (doc. 22, p.3).

2010. This test revealed a single episode of pseudoseizure which Reddy described as "a clear pseudoseizure with stereotypic generalized tonic-clonic activity with no postictal confusion and there was no postictal flowing and no electroencephalographic evidence of sharp wave activity" (R. 429-430). Reddy instructed Plaintiff to follow up with a psychiatrist, to see a licensed case worker psychologist for behavioral therapy, and to discontinue his Dilantin.

By considering all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence, the ALJ properly applied the Eleventh Circuit pain standard. *See* 20 C.F.R. §§ 404.1529 and 416.929. As required, the ALJ also considered whether Plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, and reached his credibility determination accordingly based on consideration of the entire case record (R. 24). Specifically, the ALJ considered Plaintiff's testimony that he gets pseudoseizures once every week or two and they last about 10 to 15 minutes and Plaintiff's testimony that Dr. Reddy told him that the pseudoseizures are really more like panic attacks (R. 24). The ALJ also considered Plaintiff's testimony that due to his problems he could walk about one block at a time, stand for 15-20 minutes at a time, sit for about 15-20 minutes at a time, and needs to lie down during the day (R. 24). However, considering the medical evidence, the ALJ found that the Plaintiff's medically determinable impairments could not reasonably be expected to cause the extent of alleged symptoms.[3] He found the Plaintiff's statements concerning the

---

[3] Review of the medical evidence supports the ALJ's conclusion. Records from the Tampa Family Health Centers show that on February 11, 2009, Plaintiff reported no recent seizures, on his next visit on March 11, 2009, Plaintiff reported no seizures since his last

intensity, persistence and limiting effects of the symptoms not credible to the extent they are inconsistent with the residual functional capacity assessment (R. 24).[4]

The ALJ explained:

> The undersigned finds the claimant's allegations only partially credible in regard to the severity of the alleged symptoms, and believes the above residual functional capacity properly takes the allegations supported by the record into account. The claimant alleged problems with lifting, standing, sitting, walking, and pain and the undersigned has accordingly limited him to light work. The undersigned finds the testimony of the claimant related to the frequency of his pseudoseizures unsupported by the evidence of record. The claimant's pseudoseizures had reportedly improved to the point that he no longer needed antiepileptic medicaitons in April 2010 and was doing well without them.

R.24. I find the ALJ properly discredited the Plaintiff's testimony. *See Brown v. Comm'r of Social Sec.*, 442 Fed. Appx. 507 (11th Cir. 2011) (the ALJ sufficiently assessed the credibility of the claimant's testimony where the the ALJ thoroughly discussed the claimant's allegations in light of the record as a whole).

Plaintiff asserts that by finding the pseudoseizures a severe impairment, the ALJ implicitly found that the pseudoseizures had "some impact" on his ability to perform work related activities (doc. 22, p.5). And, he reasons that because the ALJ found that the Plaintiff had a severe impairment of pseudoseizures but did not limit the Plaintiff in any way due to

---

visit, on the next visit on May 5, 2009, there was no mention of seizures, on September 9, 2009, Plaintiff reported having one recent seizure, and on October 7, 2009, there was no mention of any seizures and Plaintiff reported feeling fine. *See* R. 393- 412. Thereafter, on June 21, 2011, Plaintiff was seen at the Davis Center for a physical and the thorough seven page report revealed no mention of seizures or pseudoseizures (R. 525-531). Similarly, many of the cardiac records fail to mention seizures or pseudoseizures.

[4] The ALJ found Plaintiff "capable of light work due to the combination of his degenerative disc disease, coronary artery disease, hypertension, and pseudoseizures" (R. 24)

the pseudoseizures, his decision is inconsistent (doc. 22, p.6). However, the Plaintiff bears the burden of proving disability and is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Moreover, the ALJ clearly considered the Plaintiff's limitations caused by his pseudoseizures: "The undersigned finds the claimant capable of light work due to the combination of his degenerative disc disease, coronary artery disease, hypertension, and pseudoseizures" (R. 24). The ALJ indicated he reached this finding by relying upon "the objective evidence (as discussed above), the credibility of the claimant, and the opinion of Dr. John Axline" (R.24).

The Plaintiff also asserts that the ALJ erred by stating that his pseudoseizures had improved to the point that he no longer needed antiepileptic medications in April 2010 (R. 24). The Plaintiff contends that in fact he did not need antieptileptic medication because he did not have epilepsy. Regardless, Plaintiff's lack of medical treatment and decreased reports of seizures or pseudoseizures amply support the ALJ's decision and the ALJ's statement regarding not needing Dilantin is, at best, a harmless error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability). Hence, despite the Plaintiff's unsupported allegation that the ALJ erred by failing to conclude that his pseudoseizures must have "some impact on his ability to perform work related activities," substantial evidence supports the ALJ's finding that his allegations are not entirely credible and the ALJ properly evaluated the subjective complaints against the record as a whole. I find that the ALJ properly considered the record evidence, and that his credibility determination is supported by substantial evidence.

*2. VE hypothetical*

The Plaintiff contends the ALJ erred by posing an incomplete hypothetical to the VE that did not include any limitations related to his condition of pseudoseizures. In this case, the ALJ posed a hypothetical to the VE based upon the orthopedist expert's (Axline) opinions. I find the ALJ posed an accurate hypothetical that took into account all the claimant's impairments. *Wind v. Barnhart,* 133 Fed. Appx. 684 (11th Cir. 2005); *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) (The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *Crawford v. Comm'r of Social Security,* 363 F.3d 1155, 1160-61 (11th Cir. 2004); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Here, the ALJ included those limitation he found credible. Accordingly, I find the ALJ's hypothetical complete and his reliance upon the VE's testimony in response to his questions proper.

Upon review, the ALJ's reasons for discounting Plaintiff's credibility are rational and supported by substantial evidence. Accordingly, the ALJ properly discounted Plaintiff's credibility.

*Conclusion*

For all these reasons, as well as those the Commissioner gives in her memorandum is support of the administrative decision, it is hereby

RECOMMENDED:

1. That Plaintiff's complaint be dismissed and the Commissioner's decision be

affirmed.

2. That the Clerk be directed to enter judgment for the Commissioner.

IT IS SO REPORTED at Tampa, Florida on this 7th day of November, 2014.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).